UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

DISABLED PATRIOTS OF AMERICA, INC.,
a Florida Not for Profit Corporation,

       Plaintiff,

vs.

Case No.   21-cv-3368

NAKASH LINCOLN TENANT LLC, a
Delaware Limited Liability Company, and
LINCOLN 1816 TENANT LLC, a Delaware
Limited Liability Company, doing business as
Hotel Lincoln,

       Defendants.

_____/

## COMPLAINT

Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not for Profit Corporation, on its behalf and on behalf of all other mobility-impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, NAKASH LINCOLN TENANT LLC, a Delaware Limited Liability Company, and LINCOLN 1816 TENANT LLC, a Delaware Limited Liability Company, doing business as Hotel Lincoln, (herein sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181 et seq. ("ADA").

1.     Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a not for profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 9691 Collins Road, Fenwick, MI 48834, in the County of Montcalm.

2.      Defendants' property, Hotel Lincoln, is located at 1816 N. Clark St., Chicago, IL 60614, in the County of Cook.

3.      Venue is properly located in the Northern District of Illinois because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

4.      Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq. *See also*, 28 USC § 2201 and § 2202.

5.      Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered, and will continue to suffer, direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

6.      Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual

with disabilities as defined by the ADA. Mr. Betancourt is a double amputee who uses either prosthetic devises or a wheelchair for mobility. Mr. Betancourt is a member of the Plaintiff's organization, DISABLED PATRIOTS OF AMERICA, INC., discussed above in paragraph 5.

7.  Mr. Betancourt goes to Chicago regularly to visit friends, enjoy the unique food that Chicago offers, attend sporting events, view the wonderful architecture of the city, and take advantage of culture and cultural events the city provides, including, but not limited to, the museums, and special exhibits, engage in advocacy for the disabled, and otherwise enjoy the city of Chicago.

8.  Mr. Betancourt was a guest of the subject property, which forms the basis of this lawsuit, on April 30, 2021, and he intends to return to the hotel when the hotel is made accessible for his use as required by federal law. Mr. Betancourt intends to return as a hotel guest and for the purpose of confirming that the facility is brought into compliance with the ADA. The barriers to access as set forth herein at the subject property have endangered his safety.

9.  Defendants own, lease, (or lease to), or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Hotel Lincoln, and is located at 1816 N. Clark St., Chicago, IL 60614.

10. DISABLED PATRIOTS OF AMERICA, INC. and Rudolph Betancourt have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the property as described but not necessarily

limited to the allegations in paragraph 12 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Mr. Betancourt desires to visit Hotel Lincoln not only to avail himself of the goods and services available at the property but to assure himself that the property is in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

11.   The Defendants have discriminated against the individual Plaintiff, and the members of the corporate Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

12.   The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Hotel Lincoln has shown that violations exist. These violations which Rudolph Betancourt personally encountered or observed, include, but are not limited to:

**Accessible Route**

A.   The facility does not provide a compliant accessible route that is connected from the accessible spaces and passenger loading zone; public streets and sidewalks; and public transportation stops to the accessible facility entrances they serve, in violation of section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B.   The accessible route from the public street that leads to the main entrance has a vertical change in level greater than ¼ inch due to the curb at the walkway in front of the hotel not providing a curb ramp making it difficult for the plaintiff to traverse, in violation of section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable.

4

**Entrance**

A.    The main lobby entrance revolving door does not provide compliant maneuvering clearances as required making it difficult for the plaintiff to utilize, in violation of sections 404.2.1 and 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable.

**Common Area**

A.    The service counter exceeds the maximum height allowance of 36 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 904.4 in the 2010 ADA Standards, whose resolution is readily achievable.

**Fitness Center**

A.    The recumbent bike is obstructing the 36 inches of clear width on the accessible route that is 48 inches long minimum making it difficult for the plaintiff to traverse, in violation of section 403.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B.    The pull door with a latch side approach does not provide a minimum of 48 inches of maneuvering clearance perpendicular to the doorway due to the obstruction of the hamper and trash receptacle making it difficult for the plaintiff to operate, in violation of section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable.

**Public Men's Restroom**

A.    The pull door with a front approach does not provide 18 inches of latch side clearance parallel to the doorway due to the obstruction of the trash receptacle making it difficult for the plaintiff to operate the door, in violation of section 404.2.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B.    The mirrors exceed the maximum height allowance of 40 inches above the finish floor to the reflecting surface making it difficult for the plaintiff to utilize, in violation of section 603.3 in the 2010 ADA Standards, whose resolution is readily achievable.

C.    The side wall grab bar does not extend a minimum of 54 inches from the rear wall as required making it difficult for the plaintiff to utilize, in violation of section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

D.    The vertical grab bar is obstructing the 12 inches of spacing above the side wall grab bar making it difficult for the plaintiff to utilize, in violation of section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

E.      The accessible toilet compartment door is missing a u-pull handle on the inside of the door making it difficult for the plaintiff to operate, in violaton of section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

F.      The flush control is not located on the open side of the toilet as required making it difficult for the plaintiff to utilize, in violation of section 604.6 in the 2010 ADA Standards, whose resolution is readily achievable.

G.      The coat hook exceeds the maximum height allowance of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 603.4 in the 2010 ADA Standards, whose resolution is readily achievable.

**Third Floor Vending Area**

A.      The operable mechanism to make a transaction at the vending machine exceeds the maximum height allowance of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

B.      The threshold has a change in vertical level that exceeds the maximum allowance of ¼ inch making it difficult for the plaintiff to traverse, in violation of sections 303.2 and 404.2.5 in the 2010 ADA Standards, whose resolution is readily achievable.

**Guest Room 319**

A.      The guest room signage does not provide the international symbol of accessibility as required, in violation of section 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B.      The security lock for the guest room door exceeds the maximum height allowance of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

C.      The toilet paper dispenser is not 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser as required making it difficult for the plaintiff to utilize, in violation of section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

D.      The shower spray unit does not provide an on/off control with a non-positive shut-off as required making it difficult for the plaintiff to operate, in violation of section 607.6 in the 2010 ADA Standards, whose resolution is readily achievable.

E.    The bathtub controls are not in the compliant location as required making it difficult for the plaintiff to utilize, in violation of section 607.5 in the 2010 ADA Standards, whose resolution is readily achievable.

F.    The bathtub does not provide a seat that is capable of secure placement as required making it difficult for the plaintiff to utilize, in violation of sections 607.3 and 610.2 in the 2010 ADA Standards, whose resolution is readily achievable.

G.    The bathtub's back wall grab bars are not in the compliant locations above the rim of the bathtub and above the finish floor making it difficult for the plaintiff to utilize, in violation of section 607.4.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

H.    The towels on the rack are obstructing the 1 ½ inches of spacing above the head end wall grab bar making it difficult for the plaintiff to utilize, in violation if section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

I.    The safe exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

J.    The closet shelf and rod exceed the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

## Lack of Compliant Disabled Rooms Properly Disbursed

A.    The subject hotel lacks the required number of compliant disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG. Preventing Mr. Betancourt from the full and equal use of the subject hotel.

## Maintenance

A.    The accessible features of the facility are not maintained, creating barriers to access for Mr. Betancourt, as set forth herein, in violation of 28 CFR 36.211.

13.    All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

14.     The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiff, members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15.     Defendants have discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181 et seq. and 28 CFR 36.302, et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded,

denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

17.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 USC § 12205 and 28 CFR 36.505.

18.     Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

20. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Hotel Lincoln to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

b. Injunctive relief against the Defendants, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC §12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e.     The Order shall further require the Defendants to maintain the required accessible features on an ongoing basis.

Respectfully submitted,

Brian W. Coffman, Esq., IL Bar No. 6285942
Coffman Law Offices, P.C.
2615 North Sheffield Ave., Suite 1
Chicago, IL 60614
Telephone  (773) 348-1295
Facsimile  (773) 242-6188
bcoffmanlaw@gmail.com

John P. Fuller, Esq., IL Bar No. 276849
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone  (305) 891-5199
Facsimile  (305) 893-9505
jpf@fullerfuller.com

*Counsel for Plaintiff*