UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> NAKASH LINCOLN TENANT LLC, and LINCOLN 1816 TENANT LLC, d/b/a Hotel Lincoln, <br><br> Defendants. | No. 21 C 03368 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Disabled Patriots of America alleges that Nakash Lincoln Tenant LLC and Lincoln 1816 Tenant LLC violated the American with Disabilities Act when they denied "accessible facilities" to one of Disabled Patriots' members. Plaintiff filed suit under Title III of the ADA, seeking a declaratory judgment that Defendants are in violation of the ADA and injunctive relief ordering them to bring their facility into compliance. Defendants moved to dismiss for failure to state a claim. For the reasons below, the motion is granted.

**Background**

Plaintiff is non-profit organization with membership including individuals with disabilities as defined by the ADA. Plaintiff's organizational purpose is to represent its members' interests in ensuring places of public accommodation are accessible to and usable by disabled individuals, and that its members are not discriminated against because of their disabilities.

1

Defendants own and operate the Hotel Lincoln in Chicago. Hotel Lincoln is a place of public accommodation under the ADA.

Non-party Rudolph Betancourt is a member of Disabled Patriots and qualifies as an individual with disabilities as defined by the ADA. He uses either prosthetic devices or a wheelchair for mobility.

On or about April 30, 2021, Betancourt was a guest at Hotel Lincoln, where he allegedly encountered a variety of architectural barriers and other conditions that violate ADA standards, including non-compliant entryways, common areas, restrooms, and guest rooms. Plaintiff alleges that these and other violations have denied it, its members, and all other similarly situated individuals of access to, and the benefit of, the services offered by Defendants at their Hotel Lincoln property. In doing so, Plaintiff alleges that Defendants have discriminated and continue to discriminate against it and its members.

Plaintiff alleges that Betancourt intends to return to Hotel Lincoln in the future both to avail himself of its services and to assure himself that the property is in compliance with the ADA.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

2

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Analysis

Plaintiff sued under Title III of the ADA, which prohibits private entities from discriminating on the basis of disability in the provision of a public accommodation. *See* 42 U.S.C. § 12182(a); *Access Living of Metro. Chicago v. Uber Techs., Inc.*, 958 F.3d 604, 609 (7th Cir. 2020). "Congress authorized private enforcement of Title III by 'any person who is being *subjected to* discrimination on the basis of disability in violation' of that Title." *Access Living*, 958 F.3d at 609 (citing 42 U.S.C. § 12188(a)(1)). This is in contrast to Title II of the ADA, which prohibits discrimination by state and local governments but authorizes suit by "any person alleging discrimination on the basis of disability." 42 U.S.C. § 12133. Thus, to determine whether Plaintiff has stated a claim for relief under Title III, the Court must consider whether Plaintiff has

3

alleged that it was "subjected to" discrimination by Defendants' failure to provide ADA-complaint facilities to its member, Betancourt.

Plaintiff does not allege that it was "subjected to" discrimination, only that one of its members was. The Seventh Circuit has held that such an allegation is insufficient to state a claim under Title III. *See Access Living*, 958 F.3d at 609. In *Access Living*, a disability rights advocacy organization sued Uber, alleging that it failed to ensure adequate availability of wheelchair-accessible vehicles to customers with disabilities. 958 F.3d at 607. As a result, customers restricted to wheelchairs allegedly faced longer wait times and higher prices than other Uber customers. *Id.* Many of Access Living's employees and board members use wheelchairs, and it allegedly incurred higher travel reimbursement costs as an organization due to Uber's unequal vehicle offerings. *Id.*

Examining Access Living's allegations, the court found it had not alleged a "direct injury" as required by Title III. *Id.* at 610. The Seventh Circuit compared the language establishing a cause of action in Title II of the ADA, which authorizes suit by "any person alleging discrimination on the basis of disability," 42 U.S.C. § 12133, to the comparable provision in Title III, which does so only for someone "subjected to discrimination." *Id.* § 12188(a)(1). *Access Living*, 958 F.3d at 611. The court held that the organization had failed to state a claim under Title III because it had not been directly subjected to discrimination, but only harmed "indirectly in the form of increased reimbursement costs." *Id.*

*Access Living* is squarely on point with this case and requires dismissal of Plaintiff's claim. Plaintiff brings suit under Title III, but the only allegations of direct discrimination are focused on Betancourt, one of its members. Betancourt, not Plaintiff, was allegedly "subjected to" discrimination via the access barriers he encountered at Hotel Lincoln. Indeed, the connection between Plaintiff's claimed injury and Defendant's conduct is even more attenuated than in *Access Living*, where the organization allegedly faced higher costs as a result of discrimination against its employees. The Seventh Circuit found this allegation insufficient, and Plaintiff offers even less here. The complaint contains no allegations that Betancourt's experience at Hotel Lincoln affected Disabled Patriots in any way. Plaintiff merely alleges that Betancourt faced certain barriers to access, and that Defendant have thereby "discriminated against the Plaintiff by denying them access to full and equal enjoyment" of it place of public accommodation. R. 1 ¶ 15. This conclusory allegation falls short of the direct discrimination required under Title III.

Plaintiff did not squarely respond to this argument, but instead focused almost entirely on Article III standing. Plaintiff argues that it has standing to bring its claim under the associational standing test set out in *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977). Under that test,

> an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Id.* at 343.

5

Plaintiff's allegations may well satisfy this test. But even if true, that does not mean Plaintiff has stated a claim under Title III of the ADA. Whether a plaintiff has standing under Article III of the Constitution is a different inquiry from "whether, as a statutory matter, the plaintiff has stated a cause of action within the meaning of a provision in the U.S. Code." *Access Living*, 958 F.3d at 609 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)). It is the latter issue where Plaintiff falls short here. Because Plaintiff has not alleged that it, as an organization, was "subjected to" discrimination in violation of Title III of the ADA, its complaint must be dismissed.

## Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss [R. 17]. If Plaintiff wishes to seek leave to file an amended complaint, it must do so no later than twenty-one (21) days from the entry of this order. Any motion for leave to amend should include a copy of the proposed amended complaint, a redline version showing changes from the original complaint, and a brief of no more than five (5) pages explaining how the proposed amended complaint cures the deficiencies identified in this opinion.

ENTERED:

*Thomas M. Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 26, 2022